# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY BEMBOOM, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 2:08CV67 JCH |
| | ) | |
| TOM DUNN, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Larry Bemboom for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff is currently detained at the Ste. Genevieve County Jail pending a civil trial under Missouri's Sexually Violent Predator Act, Mo. Rev. Stat. §§ 632.480 - 632.513, to determine whether he should be civilly confined as a sexually violent predator. At all times relevant to the complaint, plaintiff was civilly detained at Northeast Correctional Center ("NECC").[1] The named defendants are Tom Dunn (Superintendent, NECC), D. Cutt (Sergeant, NECC), Unknown Turner (Correctional

---

[1] According to the complaint, plaintiff was detained at NECC pursuant to the Sexually Violent Predator Act. As a result, plaintiff is not a "prisoner" for purposes of the Prisoner Litigation Reform Act. 28 U.S.C. § 1915(h).

-2-

Officer, NECC), and Unknown Casper (Correctional Officer, NECC). The complaint seeks monetary relief.

Plaintiff alleges that he from mid-2006 through 2007 defendant Cutt repeatedly harassed him. Plaintiff claims that on March 1, 2007, he was having problems with the inmates in general population and he requested protective custody. Prison officials then placed plaintiff in administrative segregation. Plaintiff says that later that day another inmate was placed in his cell. Plaintiff alleges that the other inmate began verbally harassing and threatening him. Plaintiff claims that he then pressed the emergency button in the cell. Plaintiff states that Turner, Cutt, and Casper then came to his cell. Plaintiff alleges that Cutt then told plaintiff he would not help him; Cutt then shut and locked the window on plaintiff's cell and ordered Turner and Casper not to open the window no matter what they heard from plaintiff's cell. Plaintiff says that he was then abused and degraded by his cellmate for four days.

## Discussion

The complaint survives initial review as to defendants Cutt, Turner, and Casper. As a result, the Court will order the Clerk to serve process or cause process to be issued as to these defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir.

1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Dunn was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to Dunn.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's second motion to proceed in forma pauperis [Doc. #5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Cutt, Turner, and Casper.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Dunn because, as to Dunn, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 30th Day of January, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE