UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| LARRY BEMBOOM, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 2:08CV00067 JCH |
| TOM DUNN, | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment. (Doc. No. 36). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff was an inmate at the Northeast Correctional Center (NECC). Plaintiff alleges that on February 25, 2007 or March 1, 2007,[1] while in protective custody, he was placed in a cell with Edward Messier. (Complaint ("Compl."), Doc. No. 1, ¶¶ 15-17). Bemboom admits that Messier was not a declared enemy of Bemboom at the time they were assigned as cell mates. (PSUMF, ¶ 3). While they were cell mates, Bemboom claims that Messier called Bemboom "names" and threatened to beat up Bemboom so that Messier could have the bottom bunk. (Compl., ¶ 17). Bemboom claims that he pressed the emergency call button and Correctional Officer Turner responded. (Compl., ¶¶ 18-19). Bemboom alleges that he then declared Messier as an enemy. (Compl., ¶ 20).[2] Correctional

---

[1]In Bemboom's Complaint, he alleges the incidents at issue took place on March 1, 2007. (Doc. No. 1). In Bemboom's Undisputed Material Facts ("PSUMF"), he alleges the incidents at issue took place on February 25, 2007. (Doc. No. 42).

[2]None of the correctional officers that responded to Bemboom's emergency call remember Bemboom declaring Messier an enemy. (Affidavit of David Cutt, Defendants' Ex. E, ¶ 9, Affidavit of Randy Casper, Defendants' Ex. F, ¶ 7, Affidavit of Carmen Turner, Defendants' Ex. G, ¶ 9).

Officer Casper and Sergeant Cutt also came to Bemboom's cell, and Bemboom told them that he feared for his life and needed to be moved. (Compl., ¶¶ 21-22). Bemboom alleges that Sergeant Cutt refused to move Bemboom to another cell, locked Bemboom's cell window shut and told Turner and Casper not to respond to Bemboom's requests for help. (Compl., ¶¶ 23-24, 26).

Bemboom claims that he was forced to stay in the cell with Messier for four (4) days. (Compl., ¶ 27).[3] Bemboom admits that he was not physically injured, but Bemboom alleges that he has "bad dreams" about what when Messier was "mean" to him. (Compl., p. 5).

Plaintiff filed the instant lawsuit alleging claims against the Defendants under 42 U.S.C. § 1983 for deprivations of his rights under the First, Eighth and Fourteenth Amendments.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact,

---

[3]Defendants, however, have presented logs that demonstrate that Plaintiff spent, at most, an hour and sixteen minutes. (Defendant's Exhibit B, Doc. No. 37-3, Deposition of Larry Bemboom, pp. 32-33).

not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex Corp., 477 U.S. at 331, n.2. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

### DISCUSSION

A.  Plaintiff's Section 1983 Claims Fail

To state a claim under § 1983, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and 2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57, 56 L. Ed. 2d 185, 98 S. Ct. 1729 (1978). "'Prison authorities are clearly persons acting under color of state law.'" Tipler v. Douglas County, 482 F.3d 1023, 1027 (8th Cir. 2007) (quoting Thomas v. Gunter, 32 F.3d 1258, 1259 (8th Cir. 1994)).

Plaintiff alleges violations of his First, Eighth and Fourteenth Amendment Rights by the Defendants. (Compl., ¶ 38). Specifically, Bemboom alleges that he was denied the right to safe housing, the right to be free from retaliation and the right to protective custody. (Compl., ¶ 37).

   1.  First Amendment/Retaliation

Bemboom alleges a §1983 claim under the First Amendment (Compl., ¶ 38) and states that he has a right to be free from retaliation (Compl., ¶ 37).[4] The Court presumes that Bemboom's First

---

[4]Bemboom's Complaint and Memorandum of Law in Support of Plaintiff Motion for Summary Judgment ("Response") (Doc. No. 42) are unclear regarding the exact basis for his First Amendment claim. The Court's analysis is based upon its most logical interpretation of Bemboom's

Amendment claim relates to Bemboom's complaints to and regarding Cutts. See Compl., ¶ 14 ("From mid 2006 to 2007 [Sergeant] Cutt and Bemboom had verbal disputes and Bemboom told [Sergeant] Cutt he would file an inmate grievance on his harassing behavior if it didn't stop."); Compl., p. 5 ("And [Sergeant] Cutt got in trouble when I filed a complaint on him.").

"A prisoner's right under the First Amendment to petition for redress of grievances under a prison's grievance procedures is clearly established in our court." Norman v. Schuetzle, No. 08-1686, 2009 U.S. App. LEXIS 26702, at *53 (8th Cir. Nov. 9, 2009); see also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (The filing of a disciplinary charge "is actionable under section 1983 if done in retaliation for his having filed a grievance pursuant to established procedures."). "Prisoners retain first amendment rights while incarcerated, although exercise of these rights is limited by the fact of confinement and the needs of the penal institution." Murphy v. Missouri Dep't of Corrections, 814 F.2d 1252, 1256 (8th Cir. 1987) (internal citations omitted).

The Court finds that Bemboom has failed to provide any support for his First Amendment/retaliation claim. Initially, there is no evidence that Bemboom filed a grievance prior to the alleged incident on February 27, 2007 or March 1, 2007. Bemboom only alleges that he told Cutt that he "would file" an inmate grievance if Cutts did not stop his harassing behavior, and that Bemboom filed an informal resolution request with a grievance officer on March 5, 2007. (Compl., ¶¶ 14, 28). Accordingly, the Court cannot find Bemboom filed a grievance prior to the February 27, 2007 or March 1, 2007 incident.

Further, there is no evidence that Bemboom was retaliated against for complaining about Cutts regarding the February 27, 2007 or March 1, 2007 incident. Bemboom first filed an informal grievance on March 5, 2007, and, on April 3, 2007, the grievance officer filled out an offender

---

pleadings.

grievance. (Compl., ¶¶ 28, 29). On April 16, 2007, the NECC Superintendent stated that he would issue administrative sanctions and ordered Bemboom transferred rom NECC to another facility. (Compl., ¶ 30). Bemboom notes that "Edward Messier and Bemboom were never cellies again, due to North Easter Correctional Center (NECC) transferring him to another facility in compliance with the answer to the offender grievance." (PSUMF, ¶ 6). Thus, upon the filing of a grievance, Bemboom's complaints were addressed and rectified. Bemboom has failed to identify any actions that occurred in retaliation for filing a grievance.

Bemboom may also be alleging that he had a constitutional right to be free from threats and harassment by Cutts and/or Messier.[5] "'The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.'" King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991)). The Eighth Circuit has held "that a threat constitutes an actionable constitutional violation only when the threat is so brutal or wantonly cruel as to shock the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers the deprivation of a constitutional right." King, 117 F.3d at 1067 (internal citations omitted); see also Williams v. Gobles, No. 99-1701, 2000 U.S. App. LEXIS 8893, at *3-4 (6th Cir. Mich. May 1, 2000) ("[N]either verbal harassment nor threats constitute punishment within the context of the Eighth Amendment.") (citing Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987)). Thus, the Court finds that Bemboom had no clearly established constitutional right to be free from the verbal threats and harassment of Messier and/or Cutts.

---

[5]The Court is unclear whether Plaintiff brings his harassment claim under the First or Eighth Amendment, but it believes Bemboom's harassment claim fails to state a deprivation of either constitutional right.

Defendants' Motion for Summary Judgment on Plaintiff's First Amendment claim under §1983 is granted.

### 2. Eighth Amendment

"The Eighth Amendment bars correctional officers from imposing unnecessary and wanton pain on inmates, regardless of whether there is evidence of any significant injury." Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)). "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." Irving v. Dormire, 519 F.3d 441, 448 (8th Cir. 2008) (citing Carey v. Piphus, 435 U.S. 247, 253-55, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." Irving, 519 F.3d at 448 (citing Cummings v. Malone, 995 F.2d 817, 822-23 (8th Cir. 1993)).

Here, there is no evidence that Bemboom suffered a deprivation of his Eighth Amendment constitutional rights. Defendants were not deliberately indifferent to a substantial risk of harm to Bemboom.

> Under the deliberate indifference standard, a prisoner need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

Ambrose v. Young, 474 F.3d 1070, 1076-77 (8th Cir. 2007) (citation omitted). The evidence does not support a finding that Bemboom was ever in a substantial risk of harm. Bemboom admits that Messier was not an "enemy" when they began sharing a cell. The guards responded to Bemboom's emergency call button. Although Plaintiff alleges that he informed the Defendants that

Messier became an "enemy" while they were sharing a cell, Defendants provided affidavits that Bemboom did not inform them that Messier became an enemy. (Affidavit of David Cutt, Defendants' Ex. E, ¶ 9, Affidavit of Randy Casper, Defendants' Ex. F, ¶ 7, Affidavit of Carmen Turner, Defendants' Ex. G, ¶ 9). Defendants also provided evidence that Bemboom and Messier were cell mates for only one hour and sixteen minutes. Messier at most made harassing comments and idle threats to Bemboom for a brief period of time, which did not pose a serious risk of harm to Bemboom. Kahle v. Leonard, 477 F.3d 544, 553 (8th Cir. 2007) ("'[a] prison official may be held liable under the Eighth Amendment if he or she knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it'") (quoting Coleman v. Rahija, 114 F.3d 778, 785 (8th Cir. 1997)). Thus, there is no evidence that Defendants knew that Bemboom faced a substantial risk of harm or that they were deliberately indifferent to Bemboom.

Moreover, the only injuries that Bemboom describes are "nightmares, night sweats, mental anguish, etc." (Compl., ¶ 36). Any alleged injury incurred by Bemboom is *de minimis*. Accordingly, the Court grants summary judgment on Bemboom's Eighth Amendment claim.

### 3. Fourteenth Amendment

"[T]o prevail on a Fourteenth Amendment due process claim, [plaintiff] must first demonstrate that he was deprived of life, liberty or property by government action." Phillips v. Norris, 320 F.3d 844, 846 (8th Cir. 2003) (citations omitted). Bemboom claims the NECC's policy was that prisoners, such as Bemboom, who were in protective custody, could not be placed in a cell with an inmate from the general population. (Response, p. 3). Bemboom asserts that Cutt, Turner, Dunn and Casper's failure to remove Bemboom from housing with a member of the general prison population, Messier shows that they were deliberately indifferent to Bemboom's rights under the Constitution and his right

to safe housing under the prison policy. (Id.) Bemboom alleges that because of his protected custody status, he should not have been cell mates with a prisoner from the general population such as Messier, and is evidence of the prison's deliberate indifference to Bemboom.

Initially, Bemboom has failed to identify a specific prison policy that precluded Bemboom from being housed with members of the general population. Therefore, Bemboom cannot demonstrate that housing Messier and Bemboom together violated any policy. In addition, Bemboom cannot demonstrate that he was deprived of life, liberty or property, as required to state a Fourteenth Amendment claim under § 1983. Bemboom cannot allege that he was deprived of life or property and "there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." Phillips, 320 F.3d at 847 (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996)). Accordingly, Bemboom cannot state a Fourteenth Amendment violation.

Bemboom fails to establish a cause of action under § 1983 and his claim is dismissed.

B.  Defendants are Entitled to Qualified Immunity

"Government officials who perform discretionary functions are entitled to qualified immunity unless their alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in their positions would have known." Ottman v. City of Independence, Missouri, 341 F.3d 751, 756 (8th Cir. 2003). The Court has two steps to analyze whether an officer is entitled to qualified immunity. First, the Court determines whether the facts as asserted by the plaintiff "show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201, 150 L. Ed. 2d 272, 121 S. Ct. 2151 (2001). If the answer is no, the Court grants qualified immunity. If the answer is yes, the Court then analyzes "whether the right was clearly established." Id. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether

it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

As discussed above, Bemboom has failed to demonstrate that the correctional officers' conduct violated Bemboom's constitutional rights. Bemboom has not shown that he was denied his First, Eighth or Fourteenth Amendment rights. Accordingly, Defendants are entitled to official immunity and their Motion for Summary Judgment is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 36) is **GRANTED**. An appropriate Judgment will accompany this Memorandum and Order.

Dated this 15th day of December, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE